### MILWITSKY v. SELMAN.

(Supreme Court, Appellate Term, First Department.  June 26, 1916.)

1. MONEY LENT ⊂═⊃7(3)—SUFFICIENCY OF EVIDENCE.
    In an action to recover a sum advanced by plaintiff to defendant out of her dowry, upon defendant's note, brought after the intended marriage had failed to take place, evidence *held* to sustain a judgment for the plaintiff.

    [Ed. Note.—For other cases, see Money Lent, Cent. Dig. § 13; Dec. Dig. ⊂═⊃7(3).]

2. MONEY LENT ⊂═⊃7(3)—EVIDENCE—FRAUD.
    Where defendant's straitened circumstances were well known to the plaintiff. whom he was under promise to marry, the fact that the marriage did not take place would not sustain a charge of defendant's fraud in obtaining an advancement out of plaintiff's dowry.

    [Ed. Note.—For other cases, see Money Lent, Cent. Dig. § 13; Dec. Dig. ⊂═⊃7(3).]

3. APPEAL AND ERROR ⊂═⊃1152—MODIFICATION OF JUDGMENT—BODY EXECUTION—FRAUD.
    Where there was no fraud in a transaction by which defendant obtained an advance of money from the plaintiff's dowry, a judgment against defendant would be modified, by striking out the provision therein allowing the issuance of execution against his person.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. ⊂═⊃1152.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Fannie Milwitsky against Samuel Selman.  From a judgment rendered in favor of plaintiff, defendant appeals.  Modified and affirmed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Engel Bros., of New York City (Isidore Schneider, of New York City, of counsel), for appellant.
Bernard Chambers, of New York City, for respondent.

PHILBIN, J.  The action was brought to recover the sum of $150, alleged to have been advanced by the plaintiff to the defendant, and

the summons is indorsed: "Action for money obtained by fraud." The pleadings were oral, and the answer was a general denial.

[1] The advance was made from a fund of $750 contributed to by relatives of the plaintiff in anticipation of her wedding to the defendant and as a dowry. The fund was placed in the custody of an uncle of the plaintiff, one Samuel Glazer, who deposited $500 thereof in a bank and retained the balance of $250 in his own possession. The wedding was to take place in August, 1914. In the latter part of July the defendant applied to the plaintiff for the loan of some of the moneys of the fund. Thereafter the plaintiff and the defendant had some interviews with said Glazer, which resulted in the latter advancing, at plaintiff's request, $100 to the defendant on the 4th and 11th of August, 1914, respectively. The payments were made out of the $250 retained by Glazer, as above stated. The defendant made his promissory note for $200 to Glazer. The sum of $50 was subsequently paid by defendant on account of the note. The marriage never took place, although upon the trial the defendant testified that he had always been willing to marry plaintiff, and was willing then to do so. The finding of the court is fully sustained by the evidence, and nothing appears in the record calling for a reversal of the judgment. The latter should be modified, however, by striking out therefrom the provision for the execution against the person of the defendant.

[2, 3] There was nothing in the transaction in which the defendant obtained the money upon which fraud can be predicated. The mere fact that defendant was at the time under a promise to marry the plaintiff, and the further fact that the marriage did not subsequently take place, cannot be regarded as sustaining a charge of fraud. The money cannot be regarded as having been obtained by any fraudulent inducement or concealment. The defendant's straitened circumstances were well known to the plaintiff, and were in fact the grounds assigned for delaying the wedding.

Judgment modified, by striking out the provision therein allowing the issuance of execution against the person of the defendant, and, as so modified, affirmed, without costs. All concur.